**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ISABELLA NUNES-BAPTISTA, | No. 12-16268 |
| Plaintiff - Appellant, | D.C. No. 1:11 CV-0104 LEK |
| v. | |
| WFM HAWAII, LLC, DBA Whole Foods Market; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted October 8, 2014
University of Hawaii William S. Richardson School of Law
Honolulu, Hawaii

Before:     TASHIMA, RAWLINSON, and CLIFTON, Circuit Judges.

Appellant Nunes-Baptista appeals from the district court's summary

judgment in favor of WFM on her claims of sex discrimination under Title VII of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

the Civil Rights Act of 1964 ("Title VII") and intentional infliction of emotional distress ("IIED") under Hawaii law. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a district court's grant of summary judgment de novo. *Vasquez v. Cnty. of L.A.*, 349 F.3d 634, 639 (9th Cir. 2003). We "must determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc) (citation omitted).

1.      The district court properly granted summary judgment on Nunes-Baptista's sex discrimination claims because Nunes-Baptista failed to raise a genuine issue of material fact as to whether her pregnancy was a motivating factor in WFM's decision to terminate her. The comments made by Nunes-Baptista's supervisor are "stray remarks . . . insufficient to establish discrimination." *Merrick v. Farmers Ins. Grp.*, 892 F.2d 1434, 1438 (9th Cir. 1990). As a result, Nunes-Baptista is unable to present sufficient evidence that WFM's legitimate, non-discriminatory justification for terminating Nunes-Baptista is pretextual.

2.      The district court properly granted summary judgment on Nunes-Baptista's IIED claim because Nunes-Baptista did not present evidence sufficient

2

to find that WFM's actions were "outrageous," as required under Hawaii state law. *See Ross v. Stouffer Hotel Co. (Hawai'i) Ltd.*, 879 P.2d 1037, 1048 & n.12 (Haw.1994).

Accordingly, the judgment of the district court is **AFFIRMED**.